IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVERBANK,<br><br>               Plaintiff,<br><br>   v.<br><br>JONNIE NEWTON, et al.,<br><br>               Defendants. | CIVIL ACTION<br>NO. 12-4245 |

**OPINION**

**Slomsky, J.**                                                                                                                  November 23, 2012

## I.    INTRODUCTION

Plaintiff Everbank purchased pro se Defendants Jonnie Newton and Kimberly Sanders's real property at a sheriff's sale. Everbank then filed an ejectment action against Defendants in order to have them removed from the property. No answer was filed and a default judgment was entered against Defendants. Several months later, after Everbank filed a writ to take possession of the property, Defendants removed the ejectment action to this Court, and also filed an "Emergency Motion to Vacate —Void Judgment." Everbank filed an Objection to Defendants' Notice of Removal. For reasons that follow, the Court will remand this case to the Philadelphia Court of Common Pleas, and deny Defendants' Emergency Motion to Vacate as moot.

## II.    BACKGROUND

On July 13, 2011, Everbank purchased Defendants' property located at 439 East Montana Street, Philadelphia, Pennsylvania 19119 at a foreclosure sale. (Doc. No. 5 at 1.) On December 2, 2011, Everbank filed a complaint in ejectment against Defendants in the Philadelphia Court of Common Pleas. (Id. at 1; Doc. No. 5–2 at 5–23.) On December 10, 2011, Defendants were served with the Complaint. (Doc. No. 5 at 2; Doc. No. 5–2 at 24–25.) On January 26, 2012, a

default judgment was entered against Plaintiffs after they failed to answer the Complaint. (Doc. No. 5 at 2; Doc. No. 5–2 at 26.) On May 25, 2012, Plaintiff filed a praecipe for writ of possession on the property. (Doc. No. 5 at 2.) On July 26, 2012, Defendants removed the ejectment action to this Court (Doc. No. 1), and filed the motion entitled "Emergency Motion to Vacate —Void Judgment" (Doc. No. 2). On August 22, 2012, Plaintiff filed the Objection to Defendants' Notice of Removal.[1] (Doc. No. 5.) A hearing on the Objection to Defendants' Notice of Removal was held before this Court on October 10, 2012.

### III. STANDARD OF REVIEW

The ability of a defendant in a state court action to remove a case to federal court is subject to several statutory limitations. The removal statute provides, in pertinent part:

> Procedure for removal of civil actions
> (a) Generally. — A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) Requirements; generally. —
> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . . .
>
> (d) Notice to adverse parties and State court. — Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written

---

[1] Plaintiff's Objection to Defendants' Notice of Removal requests the Court dismiss Defendants' Motion to Change Venue. (Doc. No. 5 at 2.) Defendants have not filed any document entitled "Motion to Change Venue." The Court will consider Plaintiff's Objection to Defendants' Notice of Removal as a motion to remand pursuant to 28 U.S.C. § 1447(c).

notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(a)–(b)(1), (d).

In addition, a district court has no jurisdiction to exercise appellate jurisdiction over a judgment of a state court. This principle of law is known as the "Rooker-Feldman doctrine." See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

## IV. ANALYSIS

Plaintiff has made several compelling arguments as to why this case should be remanded to the Philadelphia Court of Common Pleas in their Objection to Defendant's Notice of Removal (Doc. No. 5), Memorandum of Law in Support of their Objection (Doc. No. 7), and during the hearing held on October 10, 2012. Defendants, who are proceeding pro se, did not file a response to Plaintiff's Objection. Defendants were present at the hearing, and were informed by the Court that they had a right to file a response to Plaintiff's Objection. After the hearing, an Order was entered on the same day granting Defendants leave to file a response by October 24, 2012. (Doc. No. 14.) Despite being granted such leave, Defendants did not file a response. After a careful consideration of Plaintiff's filings and the arguments of the parties in this case, it is apparent to the Court that remand to the Philadelphia Court of Common Pleas is required.

First, § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." According to the affidavit of service attached to Plaintiff's Objection, Defendants were served with the complaint filed in state court on December 10, 2011. (Doc. No. 5–2 at 24.)

3

Defendants filed their notice of removal on July 26, 2012, or 229 days later. Therefore, the notice of removal is defective because it was not filed within the required time under § 1446(b).

Second, § 1446(d) requires that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants . . . shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." Here, Defendants have not complied with this filing requirement. Plaintiff has submitted a copy of the docket from the Philadelphia Court of Common Pleas, listing the last entry as May 25, 2012, when Plaintiff filed a praecipe for writ of possession. (Doc. No. 5–2 at 20–23.) The notice of removal to this Court is not found on the docket in the Court of Common Pleas, and there is no entry showing that the docket is missing the notice of removal in error. Thus, Defendants have failed to follow the notice requirement of § 1446(d).

Third, even if Defendants' Notice of Removal was not tainted by the procedural defects discussed above, removal is also improper under the "forum defendant rule." Under 28 U.S.C. § 1441(b)(2), "A civil action otherwise removable solely on the basis of . . . [diversity of citizenship jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Although it appears the Court has diversity of citizenship jurisdiction over this matter, diversity jurisdiction is rooted in the historical concept that "out-of-state defendants feared that local courts would be biased against them, and a federal forum was viewed as a solution to the possible bias. 'The need for such protection [from local bias] is absent, however, in cases where the defendant is a citizen of the state in which the case is brought.'" Allen v. GlaxoSmithKline PLC, No. 07-5045, 2008 WL 2247067, at *4 (E.D. Pa. May 30, 2008) (quoting Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 939 (9th Cir. 2006) (internal citation omitted). Because Defendants are both citizens of

Pennsylvania, they are subject to the "forum defendant rule" under 28 U.S.C. § 1441(b)(2) and may not remove a case from a state court in the state in which they reside to a federal court located in the same state. For this additional reason remand is warranted.

Fourth, and most importantly, the Rooker-Feldman doctrine bars the Court from hearing this case. Under the Rooker-Feldman doctrine, a district court may not exercise jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). This well-established doctrine prevents a district court from reviewing the judgments of state courts, and is applicable to this case.

Here, Plaintiff filed an ejectment action in the Philadelphia Court of Common Pleas to remove Defendants from real property purchased in a foreclosure sale, which is a matter within the jurisdiction of the state court. Defendants failed to respond to the action after being duly served with the complaint and, pursuant to state law, a default judgment was entered against them. Plaintiff then took steps to enforce their judgment by filing a praecipe for writ of possession. Thereafter, Defendants removed the case to this Court and have requested the Court vacate the state court's judgment. This is precisely the type of dispute the Rooker-Feldman doctrine forbids a district court from adjudicating.

Thus, the Court has no jurisdiction over this matter because Congress has not empowered the Court to adjudicate the case. "The Rooker-Feldman doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to [the U.S. Supreme Court.]" Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland, 535 U.S. 635, 644

(2002) (citing 28 U.S.C. § 1257(a)). Even if the Philadelphia Court of Common Pleas erred when it entered judgment against Defendants, "that [does] not make the judgment void, but merely [leaves] it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication," Rooker, 263 U.S. at 415, and this Court cannot overturn the state court judgment.

V. CONCLUSION

This case will be remanded to the Philadelphia Court of Common Pleas. Defendants' Emergency Motion to Vacate will be denied as moot.